Marlo A. STANEK, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S03–9211–CR–914.

Supreme Court of Indiana.

Nov. 17, 1992.

Anthony V. Luber, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals. Following a jury trial in September, 1990, appellant, Marlo A. Stanek, was convicted of Count I, operating a motor vehicle after driving privileges are forfeited for life, a class C felony, Ind.Code 9–12–3–2 (repealed by P.L.2–1991, Sec. 109) (current version at I.C. 9–30–10–17); and Count II, habitual offender, I.C. 35–50–2–8. Appellant received a four (4) year sentence on Count I, which sentence was enhanced by twenty (20) years for being a habitual offender. A divided Court of Appeals affirmed. *Stanek v. State* (1992), Ind.App., 587 N.E.2d 736. We now grant transfer and affirm appellant's conviction on Count I, but reverse the habitual offender determination and remand for resentencing.

The facts most favorable to the judgment are as follows: At approximately 2:30 a.m. on January 19, 1990, St. Joseph county police officers observed a speeding automobile. When the officers stopped the vehicle, they observed appellant, the driver of the car, switch places with the back seat passenger. The officers determined that appellant's driving privileges had been forfeited for life and placed him under arrest.

Appellant raises seven issues in his petition for transfer: (1) denial of motion for continuance in order to challenge prior convictions; (2) proportionality of sentence; (3) suspendability of habitual offender enhancement; (4) admissibility of driving record at habitual offender phase; (5) admission of portions of driving record at guilt phase over relevancy and variance objections; (6) admissibility of advisement of guilty plea consequences for a prior conviction; and (7) sufficiency of the evidence. Pursuant to Ind. Appellate Rule 11(B)(3) we adopt and incorporate the opinion of the Court of Appeals with respect to Issues 1 and 3–7, and vacate that portion of the opinion upholding appellant's twenty-four year sentence.

Appellant was convicted of operating a motor vehicle after his driving privileges were forfeited for life, pursuant to I.C. 9–12–3–2. Article 12 was that part of the motor vehicles law entitled "Habitual Violators of Traffic Laws," now found at I.C. 9–30–10. The structure of the statute first provides for a suspension of driving privileges for up to ten years for being a habitual traffic violator, I.C. 9–12–2–1, then makes it a class D felony to drive while privileges are suspended or in violation of probation, I.C. 9–12–3–1. Conviction for a class D felony under that section also results in a forfeiture of driving privileges for life. Finally, operating a motor vehicle while privileges are forfeited for life results in conviction of a class C felony, I.C. 9–12–3–2.

In reviewing a statute, this Court's objective is to determine and effect legislative intent. *Spaulding v. International Bakers Serv.* (1990), Ind., 550 N.E.2d 307, 309. Clearly, Article 12 is a habitual offender statute. It provides increasingly serious penalties for those it defines as habitual violators of traffic laws, ranging from an administrative suspension of privileges to conviction of a class C felony. The trial court, however, allowed appellant's four year sentence for the class C felony to be enhanced by an additional twenty years under the general habitual offender statute, I.C. 35–50–2–8. While we acknowledge that the language of that statute allows the State to seek to have a person sentenced as a habitual offender for "any felony," we construe I.C. 35–50–2–8 together with Article 12 to hold that the legislature did not intend that a conviction for a class C felony under Article 12, a discreet, separate, and independent habitu-

al offender statute, be subject to further enhancement under the general habitual offender statute. Although appellant's arguments for reduction of the twenty year enhancement are based on cruel and unusual punishment and proportionality of sentence, we emphasize here that this Court's decision does not rest on constitutional principles but is a matter of statutory construction.

The conviction is affirmed, however, we reverse appellant's habitual offender determination and remand this cause to the trial court for resentencing only on the class C felony.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., dissents and agrees with the Court of Appeals opinion.