**Darrell W. LONG, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 79A02–9406–PC–385.

Court of Appeals of Indiana,
Second District.

Jan. 25, 1995.

---

Susan K. Carpenter, Public Defender, Carl J. Brizzi, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

Darrell W. Long appeals the denial of his petition for post-conviction relief from his guilty plea to Operating Motor Vehicle While Privileges are Forfeited for Life,[1] a class C felony, Operating a Vehicle While Intoxicated,[2] a class A misdemeanor, and to being an Habitual Substance Offender.[3] Long presents the following restated issues for review:

I. Did the State's threat to prosecute Long under the general habitual offender statute render Long's guilty plea invalid?

II. Was Long's plea of guilty to being an habitual offender invalid because the State did not present an adequate factual basis regarding the date of commission of the predicate offenses?

We affirm.

The facts favorable to the judgment are that on October 10, 1991, Long was charged by information with the three convictions previously set forth, plus count IV—operating a vehicle while having a blood alcohol content of 10% or more. On June 9, 1992, Long pled guilty to the first three counts in exchange for the State's agreement to dismiss count IV. Additional facts will be supplied where relevant.

 In order to prevail upon a petition for post-conviction relief, a petitioner must establish by a preponderance of the evidence that he is entitled to the relief sought. *Grey v. State* (1990), Ind., 553 N.E.2d 1196. In order to prevail on appeal from an adverse judgment of the post-conviction court, a petitioner must establish that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that of the post-conviction court. *Id.*

I.

 Long contends that his plea agreement is invalid because the State coerced his agreement by threatening to seek an habitual offender enhancement under Ind.Code 35–50–2–8 when there was no valid basis upon which to impose such.

Both parties acknowledge that it is not unlawful coercion to use the threat of an habitual offender charge to induce a plea bargain. *Jackson v. State* (1986), Ind., 499 N.E.2d 215. However, there must be a legitimate basis for such a charge. *Id.* If an improper habitual offender charge is threatened, the resulting plea is deemed illusory and a denial of substantive rights, and will be set aside. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173.

During Long's plea negotiations, the State threatened to seek an habitual offender enhancement under I.C. 35–50–2–8 (the general habitual offender statute). Our supreme court has since determined that a sentence

---

1. Ind.Code 9–12–3–2 (repealed 1991 and recodified at I.C. 9–30–10–17).

2. Ind.Code 9–11–2–2 (repealed 1991 and recodified at I.C. 9–30–5–2).

3. Ind.Code 35–50–2–10.

may not be enhanced under I.C. 35–50–2–8 for the offense of operating while privileges are suspended for life. The court ruled that felony convictions under then-Article 12 (now Article 30) were subject to habitual offender penalties set out in the habitual traffic offender statute, i.e., Article 12 of Title 9, and not the general habitual offender statute. The court stated, "the legislature did not intend that a conviction for a class C felony under Article 12, a discreet, separate, and independent habitual offender statute, be subject to further enhancement under the general habitual offender statute." *Stanek v. State* (1992), Ind., 603 N.E.2d 152, 153–54.

Long cites the following in support of the contention that his guilty plea must be set aside:

> "[A] threat by a prosecutor to do what the law will not permit, if it motivates a defendant ignorant of the impossibility, renders the plea involuntary. In such a circumstance, the representation takes on the character of a trick or an artifice inducing the plea, even though the prosecutor is also unaware of its forbidden character. In effect, the defendant is deceived into making the plea, and the deception prevents his act from being a true act of volition." *Munger v. State* (1981), Ind. App., 420 N.E.2d 1380 (quoting *Lassiter v. Turner* (4th Cir.1970), 423 F.2d 897, 900, *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90).

*Munger* held that, when attempting to induce a criminal defendant to plead guilty, a prosecutorial threat to do something which the law does not allow renders a plea obtained from such negotiations invalid. This is true even if the prosecutor entertained a genuine belief that the threatened action was legal. The instant case, however, differs from *Munger* in one critical respect. In *Munger,* the prosecutorial threat in question was illegal at the time that it was made. In the instant case, on the other hand, the habitual offender en-

hancement under I.C. 35–50–2–8 was not forbidden at the time of the plea agreement under then-existing law because *Stanek* was not decided until four months after Long's plea agreement. Long argues that the principle announced in *Stanek* should nevertheless be applied retroactively, a proposition with which the State disagrees. Both sides cite *Daniels v. State* (1990), Ind., 561 N.E.2d 487, in support of their contentions.

In *Daniels,* our supreme court reconsidered a capital sentence on remand from the United States Supreme Court. The U.S. Supreme Court remanded with instructions to consider the sentence in light of *South Carolina v. Gathers* (1989), 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876. Noting that Daniels's sentencing had occurred in 1979 and that *Gathers* was not decided until 1989, our supreme court determined that the retroactive applicability of *Gathers* was a threshold question. The court held that, in reviewing PCR cases, Indiana would follow the retroactivity analysis set out in *Teague v. Lane* (1989), 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334, and *Penry v. Lynaugh* (1989), 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256.

The rule announced in *Teague* and *Penry* was that a new rule [4] of criminal procedure is generally not applicable to cases on collateral review, with two exceptions:

> "1) rules which place 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,' 489 U.S. at 307, 109 S.Ct. at 1073, 103 L.Ed.2d at 353; and 2) those which require the observance of 'procedures that ... are "implicit in the concept of ordered liberty," ' *Id.* (included citations omitted), and 'without which the likelihood of an accurate conviction is seriously diminished.' 492 U.S. at 330, 109 S.Ct. at 2953, 106 L.Ed.2d at 285." *Daniels, supra,* 561 N.E.2d at 490.

---

4. Long contends that the rule announced in *Stanek* was not "new", because it was merely an exercise of statutory construction upon a provision not previously construed by an Indiana appellate court. In *Daniels, supra,* our supreme court stated that a case announces a new rule when it "produces a result not dictated by prece-

dent which existed at the time the defendant's conviction became final." *Id.* at 489. At the time of Long's plea negotiations and guilty plea, no appellate court had yet determined that the general habitual offender statute was inapplicable to habitual traffic offenders. *Stanek* therefore announced a new rule in that regard.

The first exception clearly does not apply in the instant case.

 The court acknowledged that the precise contours of the second exception "may be difficult to discern." *Daniels, supra,* 561 N.E.2d at 490. However, the court noted that the most commonly cited illustration of the type of rule fitting within the second exception is *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, in which the Supreme Court held that a defendant has a right to be represented by counsel in all criminal trials for serious offenses. Such is an example of the "watershed" nature of the rules to which the second exception is intended to apply, rules which " 'alter our understanding of the *bedrock procedural elements* ' essential to the fairness of a proceeding." *Daniels, supra,* 561 N.E.2d at 490 (quoting *Sawyer v. Smith* (1990), 497 U.S. 227, 110 S.Ct. 2822, 111 L.Ed.2d 193 (emphasis in original)). We conclude that the rule announced in *Stanek* does not embody a principle so deeply rooted in the concept of ordered liberty as the right to legal representation at criminal trials for serious offenses. Neither does the "rule" in existence prior to *Stanek,* i.e., that an habitual felony traffic offender's sentence could be enhanced pursuant to the general habitual offender statute, seriously diminish the likelihood that a guilty plea based upon a threat to seek such an enhancement, as opposed to a lesser enhancement, would otherwise have been agreed to by the defendant. Accordingly, the new rule announced in *Stanek* is not to be applied retroactively to vitiate guilty pleas upon collateral review.

## II.

 Long contends that there was an insufficient factual basis upon which to accept his plea of guilty of being an habitual offender. This contention is based upon the fact that the State failed to introduce proof of the dates of commission of the predicate offenses, and therefore did not prove the sequential requirements of the relevant habitual offender statute.

In *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, our supreme court held that, to prevail upon a claim such as Long's in a post-

conviction proceeding, the petitioner must do more than demonstrate that there was a technical deficiency at the guilty plea hearing with respect to the habitual offender factual basis. Upon post-conviction, the petitioner must affirmatively demonstrate that the sequential requirement of the relevant habitual offender statute is not, in fact, present. *Weatherford, supra; see also Lingler v. State* (1994), Ind., 644 N.E.2d 131.

Long has not presented any evidence indicating that the prior convictions upon which his habitual offender status is based are out of sequence. Accordingly, Long has failed to demonstrate that the sequential requirement of I.C. 35-50-2-10 is not present. The post-conviction court properly rejected Long's contention in this regard. *Lingler, supra; Weatherford, supra.*

Judgment affirmed.

KIRSCH and SHARPNACK, JJ., concur.