647 N.E.2d 1134 (1995)
Todd E. FREEMAN, Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 02A03-9401-CR-15.
Court of Appeals of Indiana, Third District.
March 13, 1995.
*1135 Gregory L. Fumarolo, Fort Wayne, for appellant.
Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

OPINION
HOFFMAN, Judge.
Appellant-defendant Todd E. Freeman appeals from the revocation of probation following his conviction for operating while intoxicated, a Class D felony. The facts relevant to this appeal are summarized below.
On December 19, 1989, the State filed three informations against Freeman charging him with: Count I(A), operating a motor vehicle while intoxicated, "OWI" [IND. CODE § 9-11-2-2 (1988 Ed.), currently IND. CODE § 9-30-5-2 (1993 Ed.)]; Count I(B), having two prior convictions for this offense [IND. CODE § 9-11-2-3 (1988 Ed.), currently IND. CODE § 9-30-5-3 (1993 Ed.)]; and Count II, being an habitual substance offender [IND. CODE § 35-50-2-10 (1988 Ed.)].
Freeman initially pled not guilty to the charges on January 8, 1990. Thereafter, Freeman entered into a plea agreement whereby he changed his plea on Count I(A) to guilty. The trial court accepted Freeman's guilty plea in May 1990. Pursuant to the agreement, Freeman was sentenced to three years' imprisonment on Count I(A) with two years of the sentence suspended and a four-year deferral on Count I(B). Freeman was placed on probation and received home detention.
After violating the terms of probation, Freeman's probation was revoked, proceedings were resumed, and the trial court invoked the original three-year sentence on Count I, Parts (A) and (B), with a one-year enhancement for Count II. Freeman now appeals.
On appeal, Freeman raises several issues which we consolidate into two:

*1136 (1) whether there is a sufficient factual basis for his guilty plea; and
(2) whether the trial court erred in finding Freeman to be an habitual controlled substance offender pursuant to IND. CODE § 35-50-2-10.
Freeman first contends there is an insufficient factual basis for his guilty plea. A sufficient factual basis for a guilty plea exists where: the State presents evidence on the charged offenses, there is sworn testimony of the defendant regarding the events underlying the charge, defendant admits to the charges, or the defendant indicates an understanding regarding the nature of the crimes charged and acknowledges the guilty plea constitutes admission. Carney v. State (1991), Ind. App., 580 N.E.2d 286, 289. A review of the transcript reveals the trial court read to Freeman, in open court, the informations against him. The trial court also explained to him the ramifications of pleading guilty and the rights waived thereby. Freeman expressed an understanding of the charges against him and the consequences of pleading guilty. He also indicated a voluntary waiver of his constitutional rights and, more specifically, his right to jury trial. There is a sufficient factual basis for Freeman's guilty plea.
Freeman also contends inter alia the trial court improperly found him to be an habitual offender under IND. CODE § 35-50-2-10, the habitual substance offender statute. Citing Stanek v. State (1992), Ind., 603 N.E.2d 152, Freeman acknowledges that under IND. CODE § 35-50-2-10 a person may be found to be an habitual substance offender for "any substance offense." However, relying on Stanek, he argues the legislature did not intend that an OWI conviction under IND. CODE § 9-11-2-2 or IND. CODE § 9-11-2-3 fall within the scope of IND. CODE § 35-50-2-10.
In Stanek, the defendant was initially convicted of operating a motor vehicle after driving privileges were forfeited for life, a Class C felony, pursuant to IND. CODE § 9-12-3-2 (1988 Ed.). After exhausting the penalties contemplated by Title 9 Article 12, the trial court further enhanced his sentence finding him to be an habitual offender under the general habitual offender statute (codified at IND. CODE § 35-50-2-8 (1988 Ed.)). On appeal, the Indiana Supreme Court reversed the habitual offender determination. The Stanek court found Title 9, Article 12, entitled "Habitual Violators of Traffic Laws," to be a discreet, separate, and independent habitual offender statute which precluded further enhancement under the more general habitual offender statute. Id. at 153-54.
In the present case, unlike the defendant in Stanek, Freeman was not charged under the habitual offender provisions of Title 9 Article 12, but, as noted earlier, was instead charged under IND. CODE § 35-50-2-10. However, related to the issue posed in Stanek, the issue inherently presented here is whether the habitual offender provisions of Title 9 Article 12 either expressly or implicitly extract from the scope of IND. CODE § 35-50-2-10, the offense of OWI, thus precluding the State from charging him under the statute.
In reviewing statutes, the paramount objective is to determine and effect legislative intent. Stanek, 603 N.E.2d at 153. Both IND. CODE § 35-50-2-10, phrased in broad terms, and IND. CODE § 9-12-1-4, (1988 Ed.) (currently IND. CODE § 9-30-10-4 (1993 Ed.)), narrower in scope and expressly limited through its listing of specific offenses, address the same general subject matter, i.e., habitual offender status due to repeated offenses where the use or abuse of alcohol or other controlled substance is a material element of the crime.
As they relate to the same general subject matter, the two legislative schemes must be read in pari materia and an attempt must be made to try to reconcile them so as to produce a harmonious system of jurisprudence. Althaus v. Evansville Courier Co. (1993), Ind. App., 615 N.E.2d 441, 443. In our analysis, our purpose is to give effect to both. Id. We will employ a presumption that in enacting a particular piece of legislation, the legislature was aware of all other statutes covering the same subject. Id. If our attempt to reconcile the two legislative schemes proves to be impossible and an apparent repugnancy is exposed, then rules of *1137 statutory construction mandate that the more detailed statutory scheme will control over the more general. Id.
IND. CODE § 9-12-1-4 offers several definitions of an "habitual violator." First, subsection (b) defines an habitual violator as one who "accumulates two (2) or more judgments ..." for specifically listed offenses. These offenses involve either the operation of a motor vehicle where death results or operation of a motor vehicle where intoxication or use of alcohol is involved and death results.[1] (Emphasis added.) IND. CODE § 9-12-1-4(b). Alternatively, subsection (c) defines an habitual violator as one who "accumulates three (3) or more judgments ..." for less serious vehicular offenses. This section lists offenses including those where intoxication or use of alcohol is a material element but where death does not result. (Emphasis added.) IND. CODE § 9-12-1-4(c). Listed under this subsection is the offense of "(1) [o]peration of a vehicle while intoxicated."[2] Finally, for a finding of habitual offender status in subsection (d), there must be an accumulation of at least ten (10) judgments concerning even less serious traffic offenses (Emphasis added.) The penalties found in this habitual offender law range from administrative suspension to forfeiture of driving privileges for life. From this framework, it is clear the legislative intent is to impose gradual punishment of traffic offenders in direct proportion to both frequency and severity of their offenses.
By contrast, IND. CODE § 35-50-2-10 broadly defines "substance offense" as a "Class A misdemeanor or Class D felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." IND. CODE § 35-50-2-10(a) (Emphasis added.) Habitual offender status occurs after the accumulation of only two prior unrelated substance offense convictions. Id. The maximum sentence imposed is eight years' imprisonment. Id.
As applied to the offense of OWI at issue here, a comparison of these two schemes reveals a marked conflict in both their prerequisites to a determination of habitual offender status and in the penalties exacted in relation to severity and frequency of offense. Specifically, whereas the habitual violator of traffic laws does not become applicable until the accumulation of three OWI convictions, IND. CODE § 35-50-2-10 is available earlier, i.e., after only two convictions. Also, whereas the maximum sentence imposed at the first level of the habitual violator of traffic laws framework is ten years' suspension of the offender's drivers license, IND. CODE § 35-50-2-10 exacts a more severe penalty initially, a maximum of eight years' imprisonment.
The apparent repugnancy is remedied, and effect is given to both statutory schemes, however, by extracting the offense of OWI from the scope of the general habitual substance offender statute and instead placing it within the exclusive dominion of the more specific habitual violator of traffic laws scheme.[3] In applying this analysis to the *1138 present case, it is apparent that Freeman was improperly charged and sentenced under IND. CODE § 35-50-2-10. Thus, while there is a sufficient factual basis for Freeman's guilty plea, his OWI conviction is affirmed. However, the trial court's determination as to his habitual offender status under IND. CODE § 35-50-2-10 must be reversed. Therefore, this cause is remanded to the trial court with instructions to resentence Freeman in accordance with this opinion.
Affirmed in part; reversed and remanded in part with instructions.
GARRARD and DARDEN, JJ., concur.
NOTES
[1] The list includes: vehicular reckless homicide, vehicular voluntary or involuntary manslaughter, fleeing the scene of an accident where death results, OWI resulting in death, and operation of a vehicle with at least ten-hundredths percent (0.10%) alcohol in the blood resulting in death. IND. CODE § 9-30-10-4 (1993 Ed.).
[2] Other offenses include: operation of a motor vehicle with at least ten-hundredths percent (0.10%) alcohol in the blood, driving while privileges are suspended or revoked as a result of conviction under IND. CODE § 9-24-18-5(b), operating without a license, reckless driving, drag racing, among others. IND. CODE § 9-30-10-4(b).
[3] Under this statutory scheme, one OWI offense is classified as a Class A misdemeanor. IND. CODE § 9-30-5-2. In addition to this classification, the trial court may suspend driving privileges for a period of time not to exceed two years. IND. CODE § 9-30-5-10(b) (1993 Ed.). Upon a second OWI conviction, the offense is upgraded to a Class D felony, see IND. CODE § 9-30-5-3, with driving privileges subject to suspension for a minimum time span of one year and a maximum of two years, see IND. CODE § 9-30-5-10(d). Upon a third OWI conviction, an offender may be found to be an habitual violator of traffic laws pursuant to IND. CODE § 9-30-10-4. With such a determination, the offender's driving privileges may be suspended for a period not to exceed ten years. See IND. CODE § 9-30-10-5 (1993 Ed.). As explained in Stanek, if an offender drives while driving privileges are suspended, IND. CODE § 9-30-10-16 (1993 Ed.) allows the offense to be upgraded to a Class D felony. Stanek, 603 N.E.2d 152, 153. Thereafter, IND. CODE § 9-30-10-17 (1993 Ed.) makes it a Class C felony to drive while privileges are suspended for life.