**Virgil AUSTIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9711–CR–786.

Court of Appeals of Indiana.

Oct. 29, 1998.

Jan B. Berg, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

MATTINGLY, Judge.

Virgil Austin (Austin) appeals his conviction after a jury trial of operating a motor vehicle after license forfeited for life, a Class C felony. He raises one issue on appeal, which we restate as whether the State proved that Austin's driving privileges had been forfeited for life.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 9, 1997, Indianapolis Police Officer Douglas Correll observed Austin driving a Ford Explorer north on Keystone Avenue with the driver's side window open. Because the temperature was well below freezing and open or broken windows sometimes are indicative of a stolen vehicle, Officer Correll followed the Explorer. He enlisted the aid of Indianapolis Police Officer Bryan Churchill, who joined the observation and followed the Explorer to a liquor store

parking lot. Officer Churchill observed Austin exit the driver's side of the Explorer and enter the liquor store. A check on the Explorer's license plate revealed that plate had been reported as stolen.

When Austin exited the liquor store and tried to reenter the Explorer, Officers Correll and Churchill confronted him. Austin identified himself by name, date of birth and social security number. Officer Correll then ran a check on Austin, which revealed that Austin's driving privileges had been suspended for life as an habitual traffic violator. Austin was then arrested and charged with operating a motor vehicle after license forfeited for life, a Class C felony.[1]

## DECISION AND DISCUSSION

Austin was convicted pursuant to Indiana Code Section 9–30–10–17, which provides that "[a] person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter,[2] IC 9–4–13–14 [3] (repealed April 1, 1984), or IC 9–12–3–1 [4] (repealed July 1, 1991) commits a Class C felony." (Footnotes added).

■ To sustain a conviction under this statute, the State must prove that Austin (1) operated a motor vehicle (2) after his driving privileges were forfeited for life and (3) he knew or should have known that his driving privileges were forfeited. *Bates v. State*, 650 N.E.2d 754, 757 (Ind.Ct.App.1995). Austin claims that the State failed to prove the second element—that his driving privileges were forfeited for life.

Austin argues that none of the State's evidence proved beyond a reasonable doubt

---

1. Austin was also charged with resisting law enforcement, a Class A misdemeanor. During his first jury trial, he was found guilty of resisting law enforcement, but the jury failed to reach a verdict on the vehicular offense. A second jury found Austin guilty of operating a motor vehicle after license forfeited for life, a Class C felony.

2. This section provides:
 (a) A person who operates a motor vehicle: (1) While the person's driving privileges are suspended under this chapter or IC 9–12–2 (repealed July 1, 1991); or (2) In violation of restrictions imposed under this chapter or IC 9–12–2 (repealed July 1, 1991); commits a Class D felony.

 (b) In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life.

3. This section and Indiana Code Section 9–4–13–14.5, now sections 9–30–10–16 and 9–30–10–17, related to the penalties for operating a motor vehicle while privileges were suspended or forfeited for life.

4. This section, now section 9–30–10–16, related to the crimes of operating a motor vehicle while privileges are suspended or while privileges are forfeited for life.

that his license had been forfeited for life. An examination of the evidence entered by the State does not support Austin's claim.

State's Exhibit 1 was an Officer's Arrest Report/Book–In Slip showing that on February 19, 1990, Austin was arrested for operating a vehicle while an habitual traffic offender under Indiana Code Section 9–12–3–1. R. at 353. State's Exhibit 2 was another Officer's Arrest Report/Book–In Slip, showing that on September 8, 1994, Austin was arrested for "HTV" (Habitual Traffic Violator) pursuant to Indiana Code Section 9–30–10–16. *Id.* at 355. State's Exhibit 6 was an Information dated September 9, 1994, which stated that "VIRGIL AUSTIN, on or about September 8, 1994, did operate a vehicle, that is: Park Avenue at approximately 4900 E. Fall Creek Parkway N.D., [after] his driving privileges had been forfeited for life under I.C. 9–30–10–16; all of which is contrary to statute and against the peace and dignity of the State of Indiana." *Id.* at 362. State's Exhibit 7 was a Plea Agreement from Cause No. 49G019409CF115642, wherein Austin agreed to plead guilty to operating a vehicle after license forfeited for life, a Class C felony. *Id.* at 365–67. State's Exhibit 8 is an Abstract of Judgment filed March 7, 1995 in Cause No. 49G019409CF115642, showing that Austin "was found Guilty of … OPER.VEH.AFTER LIC.FORFEITED FOR LIFE/FC … statutory citation 0009–0030–0010–0017." *Id.* at 369.

Austin concedes that the State proved that he had previously been convicted of operating a motor vehicle after license forfeited for life under Indiana Code Section 9–30–10–17, but argues that "does not eliminate the State's obligation to prove a forfeiture of his license for life under 9–12–3–1 in the instant case." Brief of Appellant at 12. We do not agree. Pursuant to *Stanek v. State,* 587 N.E.2d 736, 740 (Ind.Ct.App.1992), *affirmed in part, vacated in part,* 603 N.E.2d 152 (Ind.1992), "[a] valid Class C felony conviction of Operating While Privileges are Forfeited for Life is relevant and probative evidence of the existence of the material fact, i.e., life forfeiture of driving privileges." The State introduced not only the Plea Agreement which Austin entered into in 1995 pleading guilty to a Class C felony of operating a vehicle while license suspended for life, but also the Abstract of Judgment. This was sufficient evidence to support Austin's conviction.

The State proved that Austin had operated a motor vehicle after his license had been forfeited for life. We affirm.

Affirmed.

NAJAM and FRIEDLANDER, JJ., concur.