**Michael WOOD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–0002–CR–51.**

Court of Appeals of Indiana.

Aug. 31, 2000.

Transfer Denied Nov. 8, 2000.

Jerald L. Miller, Bowman, Ksenak & Miller, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Michael Wood appeals the twenty-one-year sentence that the trial court imposed as a result of his convictions for Operating a Vehicle While Intoxicated,[1] a Class A misdemeanor, Operating a Vehicle After a Lifetime Suspension,[2] a Class C felony and for being a habitual offender.[3] Specifically, Wood maintains that the trial court erred in enhancing the sentence with respect to his conviction for the lifetime suspension offense and again by enhancing the sentence on the habitual offender count. Inasmuch as the trial court ordered the sentences to run consecutively with each other, Wood requests this court to remand the case to the trial court with instructions to order the sentences to run concurrently. Appellant's brief at 11.

### FACTS

The facts most favorable to the judgment reveal that Wood was charged with the above offenses in August 1999. The State's information alleged that Wood was a habitual offender because he had accumulated three prior unrelated felony convictions. Specifically, it was alleged that Wood had been convicted of Battery as a class C felony, Operating a Motor Vehicle After Suspension as a Class D felony and Residential Entry as a class D felony.[4] Wood ultimately pled guilty to all offenses as charged, and on October 14, 1999, the trial court sentenced him to one year on the class A misdemeanor which was ordered to run consecutive to an eight-year sentence imposed on the class C felony conviction for operating a vehicle after lifetime suspension. The record reveals that Wood had received a lifetime suspension of his driver's license from the Bureau of Motor Vehicles in January 1993. Record at 26. The trial court then elevated the sentence by twelve years as a result of the habitual offender count. As a result, Wood was sentenced to an aggregate term of twenty-one years. He now appeals, claiming that the trial court erred in compounding the enhancement of his sentence with respect to the conviction for driving after a lifetime suspension as well as the habitual offender count.

### DISCUSSION AND DECISION

To resolve the issue that Wood places before us today, we first turn to the relevant statutes. I.C. § 35–50–2–6 provides as follows:

> A person who commits a class C felony shall be imprisoned for a fixed term of four (4) years, with no more than four (4) years added for aggravating circumstances or not more than two (2) years subtracted for mitigating circumstances. In addition, he may be fined not more than ten thousand dollars ($10,000).

---

1. IND. CODE § 9–30–5–2.

2. I.C. § 9–30–10–17.

3. IND. CODE § 35–50–2–8.

4. Wood was sentenced for the suspension charge on January 25, 1993, and sentenced for the Residential Entry conviction on June 12, 1997. Record at 12. There is no indication as to when Wood was sentenced on the battery charge.

In addition to the above, I.C. § 35–50–2–8, the general habitual offender statute, provides in relevant part that

Sec. 8. (a) The state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

. . . .

(e) The court shall sentence a person found to be a habitual criminal to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

Our supreme court in *Stanek v. State*, 603 N.E.2d 152 (Ind.1992) had the occasion to construe these statutes and determined that the defendant's four-year sentence for operating a motor vehicle after driving privileges are forfeited for life as a class C felony could not be further enhanced under the general habitual offender statute. *Id.* at 153–54. Specifically, the defendant in *Stanek* was convicted of operating a motor vehicle after his driving privileges had been forfeited for life, a class C felony. The trial judge ordered a four-year sentence for the class C conviction and added twenty years under the habitual offender statute. Both of the predicate felonies for the habitual offender charge were traffic violations. In vacating this court's opinion [5] which upheld Stanek's conviction and sentence, our supreme court determined that although the general habitual offender statute allowed an enhancement for "any felony," such a double enhancement was not the intent of the legislature. *Id.* at 153. Rather, the court observed that the

habitual traffic offender statute is a discrete, separate, and independent habitual offender statute, and convictions under that statute are not subject to further enhancement under the general habitual offender statute. *Id.* at 153–54. Thus, Stanek's double enhancement could not stand. *See also Freeman v. State*, 658 N.E.2d 68, 70–71 (Ind.1995) (defendant's conviction for operating a vehicle while intoxicated, which is enhanced from Class A misdemeanors to a Class D felony under the provisions of I.C. § 9–30–5–3, may not be enhanced a second time under the habitual substance offender provisions of I.C. § 35–50–2–10); *Devore v. State*, 657 N.E.2d 740, 741 (Ind.1995) (same).[6]

More recently in *Ross v. State*, 729 N.E.2d 113 (Ind.2000), our supreme court had the occasion to decide whether a misdemeanor conviction for carrying a handgun without a license which had been enhanced to a class C felony under the handgun statute could be again enhanced under the habitual offender statute. In support of his argument, Ross contended that since the handgun conviction had already been enhanced once by the trial court from a class A misdemeanor to a class C felony, it was improper for the trial court to again enhance the penalty under the general habitual offender statute. *Id.* at 115. The supreme court agreed and determined that "[t]he trial court should not use an already enhanced handgun conviction as the basis for further enhancement under the general habitual offender statute." *Id.* at 116. The court further noted that "a misdemeanor conviction under the handgun statute, once elevated to a felony due to a prior felony conviction, should not be enhanced again under the general habitual offender statute." *Id.* at 117. As a result, the

5. *Stanek v. State*, 587 N.E.2d 736, 739 (Ind.Ct. App.1992).

6. In *Haymaker v. State*, 667 N.E.2d 1113 (Ind.1996), our supreme court noted that the legislature modified the habitual substance offender statute. After July 1, 1996, prior convictions for drunken driving could serve as predicate offenses for habitual substance offender enhancements. *Id.* at 1115.

*Ross* court remanded for resentencing on the habitual offender finding. *Id.*

Following the lead of *Stanek* and *Ross,* it is apparent in these circumstances that the enhanced sentence imposed upon Wood under the general habitual offender statute may not stand. That is, Wood may not be subjected to an enhanced sentence under the general habitual offender statute as a result of his conviction for the offense of operating a vehicle after a lifetime suspension.

Be that as it may, we recognize a dilemma engrained in cases such as the one at bar. Specifically, we note that without the benefit of the provisions contained in the general habitual offender statute, each additional conviction for driving while suspended for life will subject Wood only to class C felony penalties. The record in this case reflects that Wood's driving privileges were suspended for life on April 17, 1992. R. at 26. Just over one year later, on September 20, 1993, he was convicted of driving while intoxicated. R. at 26. While the accompanying charge of driving with a lifetime suspension was dismissed in that case, the prospect of being convicted of a class C felony did not deter Wood from driving with a lifetime suspension charge one more time. Moreover, we note that Wood has accumulated an impressive and exhaustive number of alcohol-related convictions over the years. The record reflects that Wood was forty-four years old at the time of sentencing. R. at 45. He accumulated six prior felony convictions and eight convictions for operating while intoxicated. R. at 63. It was also revealed that Wood has been convicted of an array of other criminal offenses including resisting law enforcement, contempt of court and several probation violations. R. at 64. Additionally, the evidence showed that Wood has a lifetime record of forty-two arrests. R. at 64.

Notwithstanding these circumstances, because we are bound to follow the dictate of our supreme court, and the legislature has not revised the applicable statutes in occurrences such as these, Wood's sentence on the habitual offender count must be vacated. We therefore remand this cause to the trial court with instructions to vacate the habitual offender enhancement.

The judgment is affirmed, but the sentence is reversed and this cause is remanded to the trial court with instructions to vacate the sentence enhancement with respect to the habitual offender count.

SHARPNACK, C.J., concurs.

VAIDIK, J., concurs in result, with opinion.

VAIDIK, Judge, concurring in result with opinion.

I concur with the majority in its result. However, I do not believe we should be encouraging the legislature to amend the law to allow a sentence for the act of driving while suspended to be doubly enhanced—first as a Class C felony and then with a habitual offender count. Even the repeat drunk driver is not eligible for the severe sentence the majority proposes for the repeat suspended driver.