Brian E. LESLIE, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 54A01–0102–PC–73.

Court of Appeals of Indiana.

Sept. 28, 2001.

⚷412.1

Paul J. Page, Baker, Pittman, & Page, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Judge.

### Case Summary

Appellant-petitioner Brian Leslie ("Leslie") appeals the denial of his petition for post-conviction relief. We affirm.

### Issue[1]

Leslie raises one issue for review, which we restate as whether the post-conviction court erred in denying his petition for post-conviction relief.

### Facts and Procedural History

On January 27, 1988, the Bureau of Motor Vehicles ("BMV") notified Leslie that, as the result of numerous traffic violations, he qualified as a habitual traffic violator ("HTV") and his driving privileges were suspended for five years.[2] Leslie then received a two-year suspension for driving on a suspended license on September 20, 1988. In 1991, Leslie's driving privileges were suspended again for approximately two and a half years because of a chemical test failure and a chemical test refusal. On October 28, 1991, Leslie's driving privileges were forfeited for life because he operated a motor vehicle while his driving privileges were suspended.[3] Leslie's driving privileges were again forfeited for life on October 6, 1994, for driving under a lifetime forfeiture. During 1996, Leslie's driving privileges were suspended four more times for various traffic offenses.

Finally, on February 6, 1997, Leslie pleaded guilty to operating a motor vehicle while his driving privileges were forfeited for life,[4] a Class C felony. During the guilty plea hearing, Leslie admitted that he operated his vehicle on May 22, 1996, and that his driving privileges had been forfeited for life following a conviction for operating his vehicle as an HTV in October 1991. Leslie also admitted that he was still "suffering under" the lifetime forfeiture on May 22, 1996. On October 3, 2000, Leslie petitioned for post-conviction relief, and on January 9, 2001, the post-conviction court denied his petition.

### Discussion and Decision

 In appealing a negative judgment, Leslie must convince us that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Miller v. State* 702 N.E.2d 1053, 1058 (Ind. 1998), *cert. denied,* 528 U.S. 1083, 120 S.Ct. 806, 145 L.Ed.2d 679 (2000). Further, we

---

1. In the last two paragraphs of his reply brief, Leslie raises the issue of ineffective assistance of trial counsel for the first time. Since he did not raise the issue in his original brief, we will not address it here. *See Roberts v. State,* 599 N.E.2d 595, 600 (Ind.1992) (stating that "questions not raised or discussed in the original brief cannot be presented in appellant's reply brief").

2. IND.CODE § 9–30–10–5.

3. *Id.* § 9–30–10–16 (providing in part that a person who operates a motor vehicle while the person's driving privileges are suspended commits a Class D felony and that the person's driving privileges are forfeited for life).

4. *Id.* § 9–30–10–17.

"will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads but to one conclusion, and the post-conviction court has reached the opposite conclusion." *Id.*

■ Indiana Code Section 9–30–10–17 provides that "[a] person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter commits a Class C felony." To sustain a conviction under this statute, the State must establish that Leslie (1) operated a motor vehicle (2) after his driving privileges were forfeited for life and (3) that he knew or should have known that his privileges were forfeited. *Austin v. State*, 700 N.E.2d 1191, 1192 (Ind.Ct.App.1998).

■ Leslie does not dispute the facts surrounding his arrest or any of his prior convictions. However, he does dispute whether the post-conviction court properly decided that the lifetime forfeiture of his driving privileges was in effect on May 22, 1996. In his argument, Leslie relies solely on 140 Indiana Administrative Code 1–4.5–10(b)(3), which states that "[a]ll suspensions, whether by the [BMV] or traffic court, shall be run consecutively unless the administrative hearing officer or the traffic court judge specifically designates that the suspensions should be run concurrently."[5] Leslie submits that he should not have been convicted of violating Indiana Code Section 9–30–10–17 because the BMV did not specifically order his suspensions to run concurrently, thereby postponing the

effective date of his lifetime forfeiture until after May 1996.[6]

■ Generally, the rules of statutory construction apply when we interpret administrative regulations. *Indiana Port Comm'n v. Consol. Grain and Barge Co.*, 701 N.E.2d 882, 890 (Ind.Ct.App.1998). We recognize that an agency may adopt rules and regulations to effectuate the purpose of the law, but such rules and regulations must not be inconsistent with the statute that it is administering. *See Johnson County Farm Bureau Coop. Ass'n. v. Indiana Dep't of State Revenue*, 568 N.E.2d 578, 587 (Ind.Tax 1991). Further, "we do not presume that the legislature intended language used in the statute to be applied illogically or to bring about an unjust or absurd result[.]" *Riley v. State*, 711 N.E.2d 489, 495 (Ind.1999). We must also strictly construe penal statutes against the state to avoid enlarging them beyond the fair meaning of the language used. *See State v. Rans*, 739 N.E.2d 164, 166 (Ind.Ct.App.2000), *trans. denied* (2001). Finally, our goal in construing statutes and regulations is to determine and give effect to the legislature's intent. *Area Interstate Trucking, Inc. v. Indiana State Dep't of Revenue*, 574 N.E.2d 311, 313 (Ind.Ct.App.1991).

In enacting the HTV statutes the legislature intended "to protect the public from persons who have demonstrated that they are unable to obey traffic laws established for the safety of citizens and that their driving presents a hazard to life and property." *Guidry v. State*, 650 N.E.2d 63, 66 (Ind.Ct.App.1995). In addition, the pur-

---

**5.** The record does not establish whether any of Leslie's suspensions were specifically designated to run concurrently, however; Leslie's driving record appears to reflect that the BMV ordered most of his suspensions to begin immediately following the convictions so that they ran concurrently.

**6.** Although Leslie does not cite any authority in support of his argument, and failure to provide such authority ordinarily results in waiver, we address his novel argument. *See* Ind. Appellate Rule 46(A)(8)(a) (stating in part that the argument must be supported by citations to authorities relied on).

pose of the range in penalties for habitual traffic violators is to gradually impose punishment directly proportionate to the frequency and severity of their offenses. *Freeman v. State,* 647 N.E.2d 1134, 1137 (Ind.Ct.App.1995), *rev'd in part on other grounds,* 658 N.E.2d 68 (Ind.1995).

Here, Leslie's driving privileges have been suspended twenty-one times in the last seventeen years, and he has been convicted of speeding eight times. As such, Leslie's record of suspensions clearly indicates that he is unable to obey traffic laws and that he presents a hazard to life and property. Leslie's interpretation of 140 Indiana Administrative Code 1–4.5–10(b)(3), which calls for his lifetime forfeiture to begin only after all his suspensions have run, thereby postponing his eligibility to be charged and convicted of a Class C felony, directly contravenes the legislature's purpose in enacting Indiana Code Section 9–30–10–17.

█ The State points out that under Leslie's interpretation a person with prior suspensions could continue to drive without being eligible for a lifetime forfeiture until all previous suspensions have run. The post-conviction court also noted that under Leslie's interpretation a person could receive repeated suspensions that run consecutively so that a lifetime forfeiture would *never* take effect. Leslie's combined reading of 140 Indiana Administrative Code 1–4.5–10(b)(3) and Indiana Code Section 9–30–10–17 would produce an absurd result, which could not have been the intent of the legislature. Further, 140 Indiana Administrative Code 1–4.5–10(b)(3) specifically mentions suspensions, which terminate driving privileges for a period of years, but is silent as to forfeitures, which terminate driving privileges for life; " '[w]hen certain items are specified or enumerated in the statute, then, by implication other items not so specified are excluded.' " *Marshall v. State,* 493 N.E.2d 1317, 1319 (Ind.Ct.App. 1986) (citations omitted). We therefore conclude by implication that forfeitures are excluded from that section of the Administrative Code, and thus may take effect immediately notwithstanding any suspensions.

In conclusion, Leslie has not convinced us that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Miller,* 702 N.E.2d at 1058. Thus, we will not disturb the post-conviction court's denial of Leslie's petition for post conviction-relief.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.