**Freddie Lee SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 90S04–8912–CR–929.

Supreme Court of Indiana.

Dec. 19, 1989.

Rehearing Denied March 7, 1990.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

## ON CRIMINAL PETITION
## FOR TRANSFER

GIVAN, Justice.

Appellant's conviction of Leaving the Scene of an Accident, a Class B misdemeanor, Driving While Intoxicated, a Class D felony, and a finding that he was a habitual traffic offender was reversed by the Court of Appeals in *Smith v. State* (1989), Ind.App., 538 N.E.2d 271. Judge

Chezem filed a dissenting opinion to the reversal of this case. We find that Judge Chezem is correct in her observations in her dissenting opinion and that the Court of Appeals erred in reversing appellant's conviction.

The facts are: On May 31, 1987, appellant was driving his truck southbound on a rural Wells County road. He went off the road on the east side and struck a mailbox owned by Mr. and Mrs. Topp. Mrs. Topp was near the mailbox at the time and shouted at appellant to stop. However, he ignored her and continued going. Mrs. Topp summoned her husband and they set out in search of appellant and his truck. The truck was found in appellant's driveway, and police were summoned.

Although the evidence differs, the maximum time which could have elapsed from the time the mailbox was struck until appellant was arrested in his home was something less than three hours. When the arresting officer arrived at Smith's home, Smith's wife told the officer that Smith was sleeping. She awoke her husband, who presented himself to the officer. The arresting officer testified that appellant was intoxicated at the time of his arrest. A subsequent test for intoxication revealed that appellant had a blood alcohol content of .2310 percent.

Appellant takes the position that his conviction for driving under the influence of intoxicating liquor is not supported by sufficient evidence. He argues that no one was able to testify that he was intoxicated at the time he struck the mailbox and that his blood alcohol content some three hours later in his own home is not evidence that he was intoxicated at the time the mailbox was struck.

However, as Judge Chezem points out in her dissenting opinion, the jury was entitled to "draw reasonable inferences from facts established by the evidence." *McCann v. State* (1984), Ind., 466 N.E.2d 421. The fact that Mrs. Topp personally observed appellant drive in an erratic manner, veer to his left, strike her mailbox, ignore her shouts to stop, and that his blood alcohol content was high three hours

later, constitutes evidence from which the jury was entitled to deduce that he in fact was intoxicated at the time he struck the mailbox.

The jury also was entitled to take into consideration that his flight from the scene of the accident could be considered as circumstantial evidence of his consciousness of guilt. *Burton v. State* (1988), Ind., 526 N.E.2d 1163.

We cannot agree with the decision of the majority of the Court of Appeals that there was a total absence of evidence to support the jury's verdict. When there is evidence in the record which supports the verdict of the jury, it is improper for a Court of Appeals to supplant its opinion on the weight of the evidence for that of the jury.

To accept appellant's argument that there must be direct evidence of his alcohol content at the time the mailbox was struck, would be to virtually preclude the conviction of any person accused of driving under the influence and leaving the scene of an accident. In such a situation, it is obvious that proof of driving under the influence must be made by circumstantial evidence. In the case at bar, the evidence is as strong as one could expect in a hit and run situation.

Appellant also contends his sentence is manifestly unreasonable and disproportionate to the nature of his offense. Appellant received a sentence of one hundred eighty (180) days on the charge of leaving the scene of an accident, and for the conviction of driving while intoxicated, he received a sentence of two (2) years which was enhanced by an additional eight (8) years by reason of the jury's finding that he was a habitual substance offender. These sentences are permitted under the pertinent statutes.

This Court has held repeatedly that we will only revise a sentence for a manifest abuse of the trial court's discretion. *Linder v. State* (1985), Ind., 485 N.E.2d 73. We see nothing in this record to justify our

interference with the trial court's discretion in fixing the sentence.

The opinion of the Court of Appeals is set aside and the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DICKSON, J., concurs in result without separate opinion.

DeBRULER, J., agrees with the majority of the Fourth District that the evidence is insufficient to convict and votes to reverse the conviction.