Eric S. **DEVORE**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 55A01–9409–CR–310.

Court of Appeals of Indiana,
First District.

April 19, 1995.

38

Loretta Lauer, Gregory T. Lauer, Martinsville, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Eric S. Devore appeals from his conviction for Operating While Intoxicated, as a Class D felony,[1] and his adjudication and sentencing as an Habitual Substance Offender.[2] We affirm.

### ISSUE

Devore presents three issues on appeal, which we consolidate and restate as:

1. Whether there was sufficient evidence to support the trial court's adjudication of Devore as an habitual substance offender.

---

1. IND.CODE § 9–30–5–3.

2. IND.CODE § 35–50–2–10.

3. IND.CODE § 9–30–5–2.

4. Devore was also charged with and convicted of driving while suspended, as a Class A infraction,

2. Whether the trial court erred when it sentenced Devore for operating while intoxicated, as a class D felony, and then enhanced his sentence for the habitual substance offender violation.

### FACTS

On October 14, 1993, Devore was arrested in Morgan County and charged by information with operating while intoxicated, as a Class A misdemeanor,[3] which could then be enhanced to a Class D felony because of a similar conviction Devore had received within the preceding five years. Devore was also charged at that time with several other offenses.[4] The information was subsequently amended to add a count alleging that Devore was an habitual substance offender.

After a jury trial, Devore was found guilty of operating while intoxicated as a Class D felony. In the second phase of his trial, the trial court found that Devore was an habitual substance offender because of his two prior, unrelated operating while intoxicated convictions. Devore was sentenced to three years on the Class D felony conviction and to an additional five years based on the habitual offender adjudication, for a total term of eight years.

### DISCUSSION AND DECISION

**Issue One: Sufficiency of the Evidence**

Devore contends there was insufficient evidence to support the trial court's determination that he was an habitual substance offender. He makes two arguments on appeal. First, Devore asserts the evidence was insufficient because the State failed to prove the proper statutory sequence of his two prior convictions for substance offenses. We disagree.

**A. Statutory Sequence**

The habitual substance offender statute provides in pertinent part:

driving without proof of financial responsibility, a Class C misdemeanor, and operating a vehicle with an expired registration plate, a Class C infraction. Devore does not appeal these convictions.

(b) The state may seek to have a person sentenced as an habitual substance offender for any substance offense by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated substance offense convictions.

(c) After a person has been convicted and sentenced for a substance offense committed after sentencing for a prior unrelated substance offense conviction, the person has accumulated two (2) prior unrelated substance offense convictions.

\* \* \* \* \* \*

(e) A person is an habitual substance offender if the ... court ... finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated substance offense convictions.

IND.CODE § 35–50–2–10. Because the language of this statute mirrors the language contained in the general habitual offender statute,[5] we agree with both the State and Devore that decisions interpreting the habitual offender statute are applicable to our resolution of this issue.

■ "To sustain a sentence under the habitual offender statute, the State must demonstrate that the defendant was twice convicted and twice sentenced for felonies." *Clark v. State* (1992), Ind.App., 597 N.E.2d 4, 12, *trans. denied.* To meet the requirement that the previous felony convictions be unrelated, the State must also show that the commission of the second offense was subsequent to the sentence upon the first offense. *Id.* Finally, the State must demonstrate that the principal offense upon which the enhanced sentence is sought was committed after the defendant was sentenced for the second conviction. *Moredock v. State* (1987), Ind.App., 514 N.E.2d 1247, 1250.

During the second phase of his trial, the State showed that Devore had accumulated two prior unrelated convictions for operating while intoxicated. The court first admitted into evidence certified documents from the Morgan Superior Court which showed that on October 10, 1989, Devore was placed on probation after he was convicted for operating while intoxicated as a Class A misdemeanor. He committed that offense in Morgan County on August 20, 1989. The State next introduced Exhibit 2, which included a document showing another judgment of conviction for operating while intoxicated and a police officer's report of that incident. The judgment of conviction demonstrated that on December 9, 1992, Devore was sentenced by the Hendricks Superior Court to 545 days for his conviction of operating while intoxicated, *as a Class D felony.* In response to Devore's hearsay objection, however, the trial court did not admit the second part of Exhibit 2, the police officer's report.

■ Devore argues that, based on the evidence presented, the State failed to show that the date on which he committed the Hendricks County offense was subsequent to the date he was sentenced for the first Morgan County conviction. We disagree. A conviction for operating while intoxicated as a Class D felony requires a finding that the defendant had a previous conviction of operating while intoxicated. *See* IND.CODE § 9–30–5–3. Because Devore was convicted for operating while intoxicated as a Class D felony in Hendricks County, the court must have determined that Devore had a prior unrelated conviction for the same offense. Accordingly, we conclude the State presented sufficient evidence from which the trial court in the present case could have reasonably concluded that Devore committed the 1992 Hendricks County offense after he had been placed on probation for the 1989 Morgan County conviction.[6]

**5.** *See* IND.CODE § 35–50–2–8.

**6.** This result is consistent with other decisions which have addressed the proof required by the habitual offender statute. As we have stated, the habitual substance offender statute like the habitual offender statute generally, requires that the State prove a defendant committed a second offense after having been convicted and sentenced for the first offense. The State may meet this burden without presenting evidence as to the date when the defendant committed the second offense. *See Beavers v. State* (1991), Ind., 566 N.E.2d 533, 534–35 (sufficient proof of statutory sequence when documentary evidence showed that defendant committed first offense in 1970 and officers testified that he committed second offense in 1972); *Day v. State* (1990), Ind., 560

## B. Identity

■ Devore also asserts that the evidence was insufficient to support his adjudication as an habitual substance offender because the State failed to prove that he was the person who committed the 1989 Morgan County offense. As we have stated, State's Exhibit 1 contained documentation from the Morgan Superior Court concerning Devore's 1989 conviction for operating while intoxicated. Those documents identified an "Eric S. Devore" as the defendant. Record at 363–65. Morgan County probation officer Mary Neece testified at trial that she supervised the probation of an "Eric S. Devore" after he was sentenced on October 10, 1989, that his social security number was "306–92–5750," and that his date of birth was "3–10–68." Record at 373–377. Neece also testified that although she could not identify him unequivocally, Devore's face looked "familiar." Record at 377. Morgan County Sheriff's Deputy Dan Downing, who processed Devore after he was arrested for operating while intoxicated on October 14, 1993, then testified that Devore's social security number was "306–92–5750" and that his date of birth was "3–10–68." Record at 379–80.

■ Our supreme court has held that, "[w]hile certified copies of judgments . . . containing the same or similar name as the defendant may be introduced to prove the commission of prior felonies, there must be other supporting evidence to identify defendant as the same person named in the documents." *Baxter v. State* (1988), Ind., 522 N.E.2d 362, 365, *cert. denied,* (1991), 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064. This proof of identity may be in the form of circumstantial evidence. *Id.* A sufficient connection between the documents and the defendant is made if the evidence "yields logical and reasonable inferences from which the trier of fact may determine it was indeed the defendant who was convicted of the two felonies alleged." *Id.* (citing *Coker v. State* (1983), Ind., 455 N.E.2d 319, 322).

We conclude that the evidence presented by the State was sufficient for the trial court to have reasonably concluded Devore was in fact the person named in State's Exhibit 1 and the person who committed the 1989 operating while intoxicated offense in Morgan County. *See Lewis v. State* (1990), Ind., 554 N.E.2d 1133, 1135 (defendant's name, date of birth, and same conviction listed under defendant's previous criminal history sufficient for identification); *Thomas v. State* (1983), Ind., 443 N.E.2d 1197, 1200 (defendant's social security number, place and date of birth sufficient for identification). The State properly demonstrated that Devore had two prior, unrelated substance offense convictions and, thus, that he was an habitual substance offender.

### Issue Two: Sentencing

■ Devore next contends the trial court erred when it sentenced him on the operating while intoxicated conviction, as a Class D felony, and then enhanced his sentence under the habitual substance offender statute. Again, Devore makes two arguments on appeal. He first asserts that the legislature did not intend that a Class D felony operating while intoxicated conviction be subject to further enhancement under the habitual substance offender provisions. Devore is incorrect.

### A. Enhancement

"A person who operates a vehicle while intoxicated commits a Class A misdemeanor." IND.CODE § 9–30–5–2. However, under Indiana Code § 9–30–5–3, if a person has a previous conviction for operating while intoxicated within the preceding five years, the misdemeanor is enhanced to a Class D felony. In other words, under this legislative framework, the first operating while intoxicated offense is punishable as a Class A misdemeanor, and the second offense, if committed within five years, is punishable as a Class D felony. Then, as we have discussed, the habitual substance offender statute provides that additional substance offenses may

N.E.2d 641, 644 (sufficient proof of statutory sequence when statute creating second offense was enacted after defendant was convicted of first offense); *Clark,* 597 N.E.2d at 12 ("Inclu-

sion of the arrest dates and the sentencing dates in the present case amply meets the [statutory sequence] requirement.").

be punishable with a sentence enhancement of up to eight years in addition to the sentence imposed on the Class D felony for operating while intoxicated.

"Statutes are to be construed in connection and in harmony with the existing law and as a part of a general and uniform system of jurisprudence." *Schwartz v. Castleton Christian Church, Inc.* (1992), Ind. App., 594 N.E.2d 473, 476, *trans. denied.* Further, there is a strong presumption that, in enacting a particular piece of legislation, the legislature is aware of existing statutes on the same subject. *North v. State* (1980), Ind.App., 406 N.E.2d 657, 661. Here, the operating while intoxicated and habitual substance offender statutes have a common purpose and are part of a unified statutory scheme to provide increasing penalties for substance-related offenses. Thus, applying these principles to the present case, we conclude the legislature *intended* that a person may be convicted of operating while intoxicated as a Class D felony, because of prior convictions, and subsequently adjudicated an habitual substance offender.

Devore's reliance on our supreme court's decision in *Stanek v. State* (1992), Ind., 603 N.E.2d 152, is misplaced. In *Stanek*, the defendant was sentenced by the trial court to four years for his conviction of operating a vehicle while privileges are forfeited for life, a Class C felony, pursuant to Indiana Code § 9–12–3–2.[7] *Id.* at 153. Article 12 was that part of the motor vehicles law entitled "Habitual Violators of Traffic Laws," now found at Indiana Code § 9–30–10. *Id.* Stanek's sentence was then enhanced by an additional twenty years pursuant to the general habitual offender statute. *Id.* The supreme court construed Article 12 to mean that the legislature did not intend a conviction for a Class C felony under the Habitual Violators of Traffic Laws statute to be subject to further enhancement under the general habitual offender provisions, and it reversed Stanek's habitual offender determination. *Id.* at 153–54.

The supreme court in *Stanek* determined that Article 12 provided for an initial suspension of driving privileges of up to ten years for being an habitual traffic violator. Under the statute, it is a Class D felony to then drive while privileges are suspended. Conviction for a Class D felony under Article 12 also results in forfeiture of one's driving privileges for life. Finally, operating a vehicle while privileges are forfeited for life results in the conviction of a Class C felony. Accordingly, the supreme court held that Stanek's four-year sentence for the Class C felony could not be enhanced pursuant to the general habitual offender provisions of Indiana Code § 35–50–2–8, because Article 12 was "a discreet, separate, and independent habitual offender statute" with "increasingly serious penalties for those it defines as habitual violators of traffic laws...." *Id.* at 153–54; *see Long v. State* (1995), Ind.App., 645 N.E.2d 1111, 1112–13.

In the present case, however, Devore's sentence was enhanced under the habitual substance offender statute, not the general habitual offender statute. More importantly, unlike in *Stanek*, Devore was not also charged under the habitual traffic violator provisions of Article 12. As we have already determined, the habitual substance offender statute is part of a legislative framework designed to provide increasing penalties for substance-related offenses, including those involving motor vehicles. *See* I.C. § 35–50–2–10. Therefore, notwithstanding our supreme court's decision in *Stanek*, Devore's sentence for operating while intoxicated as a Class D felony was properly enhanced under the habitual substance offender statute. *See Smith v. State* (1989), Ind., 547 N.E.2d 845, 846 (affirming defendant's sentence of two years for operating while intoxicated as a Class D felony which was enhanced by eight years pursuant to habitual substance offender statute).

We decline to follow the recent opinion in *Freeman v. State* (1995), Ind.App., 647 N.E.2d 1134. In *Freeman*, another panel of this court held on facts similar to ours that the offense of operating while intoxicated should be extracted "from the scope of the general habitual substance offender statute and instead plac[ed] within the exclusive do-

7. Repealed in 1991, now Indiana Code § 9–30– 10–17.

minion of the more specific habitual violator of traffic laws scheme." *Id.,* at 1137. In other words, *Freeman* held that the habitual traffic violator statute provided the "exclusive" habitual offender penalty for those convicted of subsequent operating while intoxicated offenses. Applying that analysis to the defendant in *Freeman,* the court found that he was improperly charged and sentenced under the habitual substance offender statute and, thus, that the trial court's habitual substance offender determination must be reversed.

To the contrary, the supreme court in *Stanek* merely held that a conviction under one habitual offender statute could not "be subject to further enhancement" under another, separate habitual offender statute. *Stanek,* 603 N.E.2d at 153–54. While we agree with *Freeman* that "it is clear the legislative intent is to impose gradual punishment of traffic offenders in direct proportion to both frequency and severity of their offenses," we do not agree that such a scheme cannot and should not include penalties imposed under the habitual substance offender statute. *See id.,* at 1137. Indeed, the availability of three alternative habitual offender statutes provides the State with an election of penalties which may be imposed depending on the specific facts and circumstances of each case. Thus, the habitual traffic violator statute does not have "exclusive dominion" over operating while intoxicated offenses. *See id.,* at 1137.

### B. Double Jeopardy

 Finally, Devore argues that the enhanced sentence he received as an habitual substance offender constituted "double punishment" for the same offense and violated the prohibition against double jeopardy. We disagree. Our supreme court has held that double jeopardy provisions are not violated when a prior conviction is used to enhance the penalty on the underlying offense from a misdemeanor to a felony or to support an habitual offender determination. *Woods v. State* (1984), Ind., 471 N.E.2d 691, 692–93. Such was the case here.

As the State asserts on appeal, Devore's prior convictions for operating while intoxicated "placed him in a different status." *Id.*

at 693; Brief of Appellee at 11. "That status is not an additional crime, but merely permits trial courts to enhance a given penalty by reason of the status of the offender." *Id.* First, Devore was convicted in 1989 of operating while intoxicated as a Class A misdemeanor. Devore was then convicted of the same offense in 1992, but as a Class D felony because of his 1989 conviction. Devore was again convicted in the present case of operating while intoxicated as a Class D felony and sentenced as an habitual substance offender because he had now accumulated two prior, unrelated substance offenses. Therefore, Devore's enhanced penalty on the Class D felony conviction at issue here did not constitute double jeopardy. *See id.*

### Conclusion

We conclude that the evidence presented by the State was sufficient to demonstrate that Devore had accumulated two prior, unrelated substance offense convictions and, thus, that he was an habitual substance offender. Further, the trial court did not err when it sentenced Devore to three years for operating while intoxicated as a Class D felony, and then enhanced his sentence by five years as an habitual substance offender. The judgment of the trial court is affirmed.

Affirmed.

BAKER and BARTEAU, JJ., concur.