William H. ROELL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A04–9412–CR–492.

Court of Appeals of Indiana.

Sept. 28, 1995.

William F. Thoms, Jr., Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

William H. Roell appeals from his conviction for operating a vehicle while intoxicated,[1] a class D felony; and for public intoxication,[2] a class B misdemeanor; and from his adjudication as an habitual substance offender.[3]

We affirm in part, reverse in part and remand.

### ISSUES

1. Whether the evidence is sufficient to prove Roell was driving.

---

1. Ind.Code 9–30–5–3.

2. Ind.Code 7.1–5–1–3.

2. Whether the evidence was sufficient to support Roell's adjudication as an habitual substance offender.

### DECISION

### I. IDENTITY OF THE DRIVER

■ The facts most favorable to the judgment with respect to the identity of the driver reveal that at 2:15 a.m. on February 5, 1994, Officer Steele was driving westbound on Sandra Lane when he observed a blue two-door Chevrolet turn left onto Sandra, into a well-lit apartment complex without signaling. He observed two people in the car; the person later identified as Roell was driving. As Roell parked the car in a vertical parking space, he drove the car over the curb three times. Officer Steele pulled his car behind Roell's and leaned across his car seat to obtain a flashlight. That action caused Officer Steele's view to be temporarily blocked. By the time Officer Steele sat up, Roell was standing next to his car shutting the driver's side door.

Roell claims this evidence is insufficient to prove he was the driver of the car because Officer Steele did not actually see Roell exit the car. Furthermore, Roell points to his own trial testimony as well as to that of his girlfriend wherein both claimed the girlfriend was the driver of the car.

■ Our standard of review for sufficiency of the evidence is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Geans v. State* (1993), Ind.App., 623 N.E.2d 435, 437.

Officer Steele testified that he saw Roell driving the car. (R. 57). Furthermore, despite the fact he did not see Roell exit the car, Officer Steele claimed to have "[n]o doubt at all" that Roell was, in fact, the driver of the car. (R. 60). This evidence is

---

3. Ind.Code 35–50–2–10.

bolstered by the fact Officer Steele saw Roell standing next to the car shutting the driver's side door of a two-door car.

Thus, the evidence is sufficient for the trial court to reasonably infer that Roell was the driver of the car. Moreover, our standard of review compels us to decline Roell's invitation to reweigh the credibility of the witnesses.

## II. HABITUAL SUBSTANCE OFFENDER

 The State filed an information on January 14, 1994, alleging that Roell was an habitual substance offender pursuant to I.C. 35–50–2–10. The information stated that Roell had accumulated two prior unrelated substance convictions. The first was a March 19, 1993, conviction for operating while intoxicated and the second was a December 16, 1993, conviction for dealing in a schedule IV drug.

Roell argues the evidence was insufficient to support his adjudication as an habitual substance offender because the State's documentary evidence failed to prove that he was, in fact, the person who committed the second offense. We need not address this issue, however, since we *sua sponte* reverse Roell's habitual substance offender adjudication on the basis that the evidence is insufficient to show that Roell was twice convicted and twice sentenced.[4]

I.C. 35–50–2–10, the habitual substance offender statute, provides as follows:

(b) The state may seek to have a person sentenced as an habitual substance offender for any substance by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated substance offense convictions.

(c) After a person has been convicted and sentenced for a substance offense committed after sentencing for a prior unrelated substance offense conviction, the person has accumulated two (2) prior unrelated substance offense convictions.

Because the language of this statute mirrors the language contained in Ind. Code 35–50–2–8, the general habitual offender statute, decisions interpreting the habitual offender statute are applicable to issues raised under I.C. 35–50–2–10. *Devore v. State* (1995), Ind.App., 650 N.E.2d 37, 40. Thus, to sustain a sentence under the habitual offender statute, the State must demonstrate that the defendant was twice convicted and twice sentenced. *Id.* To meet the requirement that the previous convictions be unrelated, the State must also show that the commission of the second offense was subsequent to the sentence upon the first offense. *Id.*

While reviewing the State's documentary evidence in an effort to resolve Roell's stated issue, we observed that Roell committed what the State alleged to be the second offense before, as opposed to after, he was sentenced upon the first offense. In fact, the second offense was committed before he had even committed what the State alleged to be the first offense. Specifically, Roell committed the purported second offense on February 5 and 11, 1993, and was convicted and sentenced on December 16, 1993. Roell committed the purported first offense on February 16, 1993, and was convicted and sentenced on March 19, 1993.

Thus, because the State failed to demonstrate that Roell committed a second offense subsequent to the sentence upon his first offense, as is required by I.C. 35–50–2–10(c), we reverse Roell's adjudication as an habitual substance offender and, accordingly, remand for reconsideration of his sentence.

Affirmed in part, reversed in part and remanded.

RILEY and FRIEDLANDER, JJ., concur.

---

4. This court has said that a "conviction of an offense where evidence and reasonable inferences of a material element of the offense are totally lacking [constitutes fundamental error]." *Meredith v. State* (1982), Ind.App., 439 N.E.2d 204, 208. "Inasmuch as this fundamental error is apparent on the face of the record, we are compelled to reverse [the defendant's] convictions *sua sponte*, although the issues he raises on appeal did not involve this error." *Id.*