Eric S. **DEVORE**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 55S01–9506–CR–783.

Supreme Court of Indiana.

Nov. 22, 1995.

Loretta Lauer, Gregory T. Lauer, Martinsville, for appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

SHEPARD, Chief Justice.

This is the second of two appeals asking whether a conviction for operating a vehicle while intoxicated which is enhanced from a class A misdemeanor to a class D felony under the provisions of Indiana Code Section 9–30–5–3 may be enhanced a second time under the habitual substance offender provisions of Section 35–50–2–10.

Two panels of the Court of Appeals split on this question. In this case, the court held that appellant Eric S. Devore could be sentenced under both statutes. We conclude otherwise.

## I. Statement of Facts

In October 1993, the police arrested Devore for driving while intoxicated. The State charged him with operating a vehicle while intoxicated (OWI), Ind.Code Ann. § 9–30–5–2 (West 1992),[1] and sought to elevate the charge from a class A misdemeanor to a class D felony, Ind.Code Ann. § 9–30–5–3 (West 1992).[2] It further charged him with being a habitual substance offender, Ind.Code Ann. § 35–50–2–10 (West Supp.1994), and with multiple other driving infractions.[3]

A jury found Devore guilty of operating a vehicle while intoxicated, as a class D felony,

and the trial court adjudged him a habitual substance offender.[4] The court sentenced him to three years imprisonment for O.W.I. and enhanced that sentence by five years for the habitual substance offender determination.

Devore appealed his cause to the Indiana Court of Appeals and it affirmed. *Devore v. State* (1995), Ind.App., 650 N.E.2d 37. We grant Devore's petition for transfer.

Devore presents the following issues:

1. Whether the trial court erred in enhancing Devore's punishment under both the OWI statute and the habitual substance offender statute;

2. Whether there was sufficient evidence to support the trial court's judgment that Devore was a habitual substance offender;

3. Whether there was sufficient evidence to support Devore's conviction for OWI; and,

4. Whether Devore's sentence enhancements placed him twice in jeopardy.

We answer the first issue affirmatively and thus reverse Devore's habitual substance offender adjudication. We therefore need not address the second and fourth issues. We agree with the Court of Appeals that there was sufficient evidence to support Devore's OWI conviction and thus summarily affirm its opinion on that third issue. Ind.Appellate Rule 11(B)(3).

## II. Double Enhancement of Devore's Sentence

Devore alleges that the trial court erred by twice enhancing his penalty for operating a vehicle while intoxicated: first, when the

---

1. Formerly Ind.Code Ann. § 9–11–2–3 (West Supp.1988).

2. Devore's sentence was eligible for enhancement because he had been convicted of operating a vehicle while intoxicated in 1989, within five years of the offense at issue as required by Section 9–30–5–3.

3. The State charged Devore with driving with a suspended license, Ind.Code Ann. § 9–24–18–5 (West Supp.1994), a class A infraction, driving without proof of financial responsibility, Ind. Code Ann. § 9–25–8–2 (West Supp.1994), a class C misdemeanor, and operating a vehicle with an

expired registration plate, Ind.Code Ann. § 9–18–2–7 (West 1992), a class C infraction. Devore was convicted of these offenses and has chosen not to appeal them.

4. The trial court reached this conclusion based on evidence of Devore's two prior unrelated convictions involving controlled substances. He was convicted of operating a vehicle while intoxicated in 1989, a class A misdemeanor, and was convicted of the same charge again in 1992. We do not know whether his 1992 conviction was entered as a felony or a misdemeanor. (R. 20.)

court increased his penalty from a class A misdemeanor to a class D felony under the authority of Sections 9–30–5–2 and 3 and, second, when it enhanced his term of imprisonment by finding him a habitual substance offender under Section 35–50–2–10.

We explain today in *Freeman v. State* (1995), Ind., 646 N.E.2d 1021, that a defendant's sentence should not be twice enhanced through chapter 9–30–5 [5] and Section 30–50–2–10, the same statutes under which Devore was convicted. We conclude that chapter 9–30–5 is a definite and specific statute which supersedes the general habitual substance offender statute. *Freeman* (1995), Ind., 646 N.E.2d 1021. In the absence of clear legislative language to the contrary, such double enhancement cannot be permitted.

### III. Conclusion

Accordingly, we reverse Devore's enhancement as a habitual substance offender.

The judgment of the trial court is otherwise affirmed.

DeBRULER, DICKSON and SELBY, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

### ON PETITION TO TRANSFER

SULLIVAN, Justice, dissenting.

I believe the majority misreads legislative intent when it holds that a conviction for operating while intoxicated as a Class D felony cannot be enhanced under the habitual substance offender statute. Indeed, we held that such "sentences are permitted under the pertinent statutes" in *Smith v. State* (1989), Ind., 547 N.E.2d 845, 846.

I find the situation that gave rise to our opinion in *Stanek v. State* (1992), Ind., 603 N.E.2d 152, to be entirely different. There, the trial court sought to impose a habitual offender enhancement under the general habitual offender statute, Indiana Code § 35–50–2–8, where the legislature had enacted a separate habitual offender statute for the special sentencing scheme governing offenses relating to violations of traffic laws. We held, quite logically, that the legislature meant for the more specific Habitual Violators of Traffic Laws enhancement, not the general habitual offender enhancement, to apply to a violation of traffic laws. In the case before us today, the trial court imposed a more specific Habitual Substance Offender enhancement, not the general habitual offender enhancement, to a substance offense. This does not appear to violate *Stanek* in any way.

I would affirm the trial court for the reasons set forth by Judge Najam for the Court of Appeals in this case, *Devore v. State* (1995), Ind.App., 650 N.E.2d 37, 8–12.

5. Formerly Ind.Code Ann., ch. 9–11–2 (West   Supp.1988).