**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2012, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL EWARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1110-CR-934 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Rubick, Judge
Cause No. 49F19-1105-CM-32762

**June 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Michael Eward appeals from his conviction after a bench trial of one count of Operating a Vehicle While Intoxicated,[1] as a class A misdemeanor, and one count of Operating a Vehicle While Intoxicated,[2] as a class C misdemeanor. Eward presents the following issue for our review: Is there sufficient evidence to support his convictions?

We affirm.

On May 10, 2011, Indiana State Police Trooper Christopher Townsend noticed a vehicle stopped on the inside shoulder of eastbound I-70 near mile marker 83.5. The driver's side of the vehicle was nearer to the barricade. The vehicle's lights were on, the engine was running, and the vehicle appeared to be in working condition. The driver's-side door was open and Eward, who was alone in the car, was sitting in the driver's seat. Trooper Townsend parked his cruiser behind the vehicle, approached it, and asked Eward if everything was okay. Eward displayed both of his hands and was holding a cell phone in one of them. Eward told Trooper Townsend that he was lost and had pulled the car over to power up the GPS service on his cell phone. He also stated that he was driving from Chicago and trying to find Emerson Avenue. Eward did not mention that anyone else had been driving the vehicle, and represented that he was the person driving.

Trooper Townsend smelled alcohol on Eward, and observed that Eward had glassy, bloodshot eyes and slurred speech. Eward told the officer that he had consumed two thirty-two ounce beers about an hour before Trooper Townsend stopped. Eward failed both a

---

[1] Ind. Code Ann. §9-30-5-1(b) (West, Westlaw current through legislation effective May 31, 2012).
[2] Ind. Code Ann. § 9-30-5-2 (West, Westlaw current through legislation effective May 31, 2012).

horizontal gaze nystagmus test and a walk-and-turn test. Eward refused to take the one-leg stand test. Trooper Townsend also administered a portable breath test at the scene, which was positive for alcohol. At the police station, Eward registered a blood alcohol concentration of 0.17 on the DataMaster.

The State charged Eward with one count of operating a vehicle at 0.15 or above, public intoxication, and operating a vehicle while intoxicated. Prior to trial, the State dismissed the public intoxication charge. During Eward's bench trial, Aaron Fowler testified that he and Eward had been playing cards at the residence of a man nicknamed "Chicago." Fowler testified that Eward became intoxicated during the card game, Fowler helped him to his car, and that Fowler drove the car. Fowler stated that the car began to overheat on I-70 east, so he pulled over to the inner lane of the highway. He claimed that he tried to wake Eward, then walked to get water at a gas station at the bottom of the hill at 21st Street and Emerson. When he returned to the location where he left the car, it was gone and no one was there.

Eward testified that he could only remember bits and pieces of the evening's events. He testified that he had been playing cards at Chicago's house and had been drinking for three or four hours. He stated that he had picked up Fowler earlier in the evening and driven to Chicago's house. He admitted that he had been drinking that evening, but claimed that Fowler drove the car when they left. He also claimed that he wanted to smoke a cigarette after Fowler had awakened him, so he slid over to the driver's seat and opened the door in order to avoid the oncoming traffic. Eward testified that he believed he had told the trooper that he had been driving, and could not recall if he had told him about Fowler.

3

At the conclusion of the bench trial, the trial court found Eward guilty of both remaining counts. The trial court sentenced Eward to 365 days for the class A misdemeanor conviction with 363 days suspended, and to 60 days for the class C misdemeanor conviction with 58 days suspended, with the sentences to run concurrently. Eward now appeals.

Eward challenges the sufficiency of the evidence used to convict him of the offenses. In particular, Eward claims that the State failed to prove that he drove the car while intoxicated and that there is a lack of temporal evidence to establish when Eward had driven the car.

Our standard of review for sufficiency of the evidence is well-settled. We will neither reweigh the evidence nor reassess the credibility of the witness. *Roell v. State*, 655 N.E.2d 599 (Ind. Ct. App. 1995). We examine only the evidence most favorable to the conviction along with all reasonable inferences to be drawn therefrom. *Id.* We will not reverse the convictions if there is substantial evidence of probative value to support the conviction. *Id.*

Viewed consistently with our standard of review, the evidence supporting Eward's convictions establishes that Trooper Townsend pulled up behind Eward's car, Eward was seated in the driver's seat, the engine was running, the lights were on, and the car appeared to be in working condition. Eward told Trooper Townsend that he was driving from Chicago, had become lost, and pulled his vehicle over to the inner shoulder of I-70 in order to active the GPS service on his cell phone. Eward never mentioned to the officer that another person had been driving, and there was no one else in the car with Eward at the time Trooper Townsend approached the vehicle. Eward told Trooper Townsend that he had been consumed two thirty-two ounce beers approximately an hour before the officer pulled up

4

behind Eward's car. Further, Eward smelled of alcohol, had glassy, bloodshot eyes and slurred speech, failed two field sobriety tests and refused to perform a third, and tested positive for alcohol in a portable breath test performed at the scene.

This evidence is sufficient for the trial court to have inferred that Eward was the driver of the car and that Eward had driven the vehicle while intoxicated. The trial court had the opportunity to evaluate Eward's testimony and Fowler's testimony and chose to believe that of Trooper Townsend. It is the trier of fact's function to resolve conflicts in the testimony and to determine the weight of the evidence and the credibility of the witnesses. *Yowler v. State*, 894 N.E.2d 1000 (Ind. Ct. App. 2008). "The trier of fact is free to believe or disbelieve witnesses, as it sees fit." *Moore v. State*, 637 N.E.2d 816, 822 (Ind. Ct. App. 1994).

Judgment affirmed.

MAY, J., and BARNES, J., concur.