**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 27 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLARENCE W. SEELEY, III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 21A01-1303-CR-139 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FAYETTE SUPERIOR COURT
The Honorable Beth A. Butsch, Special Judge
Cause No. 21D01-1207-CM-617

**November 27, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Clarence W. Seeley III (Seeley), appeals his conviction for public intoxication, a Class B misdemeanor, Ind. Code § 7.1-5-1-3.[1]

We affirm.

## ISSUE

Seeley raises two issues on appeal, which we restate as:

(1) Whether Seeley was incapable of committing the offense of public intoxication as a matter of law because his presence in a public place was not voluntary; and

(2) Whether the State presented sufficient evidence beyond a reasonable doubt to support Seeley's conviction for public intoxication.

## FACTS AND PROCEDURAL HISTORY

On the evening of June 19, 2012, Hayward Ford (Ford) was working at the Shell gas station on 30th Street in Connersville, Indiana. Between 10:00 and 10:30 p.m., Seeley entered the gas station and approached Ford. Seeley flicked Ford's necklace, and Ford instructed Seeley "not to put his hands on [him] because [Seeley] didn't know [him]." (Transcript p. 9). Seeley responded antagonistically and directed curses, racial epithets, and threats at Ford.

---

[1] Indiana Code section 7.1-5-1-3 was substantively amended, effective July 1, 2012. The more lenient standard now states that a person is guilty of public intoxication only if that person is intoxicated in public and: "(1) endangers the person's life; (2) endangers the life of another person; (3) breaches the peace or is in imminent danger of breaching the peace; or (4) harasses, annoys, or alarms another person."

Noting that Seeley's eyes had a "glossy" look, Ford asked him to leave the store, but Seeley refused. (Tr. p. 12). After escorting Seeley through the front door, Ford re-entered the Shell station and retrieved the cordless phone. He walked back outside with the phone to demonstrate to Seeley that he was in the process of calling the police. Seeley responded by lunging at Ford and throwing an errant right-handed punch. Ford struck Seeley once with his left fist, and Seeley fell to the ground unconscious. Ford then re-entered the store, still on the phone with dispatch.

Within minutes, Connersville Police Officer Chad Catey (Officer Catey) arrived. When Catey reached the Shell station, Seeley was lying unconscious in the parking lot. By the time Lieutenant Richard Wilcox (Lieutenant Wilcox) reached the scene a few minutes later, Seeley was awake and behaving confrontationally. While Officer Catey and Lietenant Wilcox attempted to calm Seeley, each noted the distinct odor of alcohol. In addition to being able to smell the alcohol on Seeley from several feet away, Officer Catey reported that his speech was slurred. Once the emergency medical personnel arrived, Lieutenant Wilcox observed that Seeley was unsteady on his feet when he walked to the ambulance. Both Officers had encountered Seeley before, and neither had ever observed him behaving belligerently when he was sober.

Seeley was taken to the hospital, where his combative behavior continued. Lieutenant Wilcox observed that Seeley had bloodshot eyes, an unsteady balance, and emanated the smell of alcohol. On July18, 2012, the State filed an Information charging Seeley with public intoxication, a Class B misdemeanor, I.C. § 7.1-5-1-3. On March 6,

3

2013, the trial court conducted a bench trial. At trial, Seeley claimed that his symptoms were a result of having been knocked unconscious and argued that the State had failed to prove his intoxication. At the close of the evidence, the trial court found Seeley guilty and imposed a 120-day sentence.

Seeley now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I.  Matter of Law

Seeley's argument focuses on the language of Indiana Code section 35-41-2-1, which states that "[a] person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense." Seeley argues that once he was knocked unconscious by Ford, he was not capable of being publicly intoxicated because his presence in public was no longer voluntary. We note that Seeley has raised the issue of voluntary presence for the first time on appeal. Thus, it is waived. *Stewart v. State*, 945 N.E.2d 1277, 1288 (Ind. Ct. App. 2011), *trans. denied*. At trial, Seeley argued only that there was insufficient evidence of his intoxication.

Waiver notwithstanding, this issue does not constitute a matter of law. A pure question of law stands independent of the trial record. It does not require reference to extrinsic evidence, inferences drawn from extrinsic evidence, or the consideration of witness credibility. *Cunningham v. State*, 835  N.E.2d 1075, 1076 (Ind. Ct. App. 2005) (finding the right to a jury trial is a question of law) (citing *Bader v. Johnson*, 732 N.E.2d 1212, 1216 (Ind. 2000)). Seeley's argument that he was not voluntarily at the Shell

4

station after having been knocked unconscious necessarily requires reference to extrinsic evidence presented at trial.

## II. Sufficiency of the Evidence

Next, Seeley contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for public intoxication. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans. denied*. We will consider only the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *See id*. at 213. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id*.

To convict Seeley of public intoxication, a Class B misdemeanor, the State was required to establish beyond a reasonable doubt that Seeley was "in a public place or a place of public resort in a state of intoxication caused by [his] use of alcohol or a controlled substance." I.C. § 7.1-5-1-3. "Intoxicated" is defined by Indiana Code section 9-13-2-86 as "under the influence of . . . alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7)

5

slurred speech. *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*. Belligerence is also an acknowledged sign of intoxication. *See Wells v. State*, 848 N.E.2d 1133, 1146 (Ind. Ct. App. 2006), *trans. denied*, *cert. denied* (2007).

Seeley specifically contends that the intoxication element was not established while he was voluntarily in a public place (i.e., before he was knocked unconscious by Ford). Ford observed that Seeley's eyes were "a little glossy" but also testified that he did not know if Seeley was intoxicated. (Tr. p. 12). Seeley maintains that the circumstantial evidence of his impairment (watery eyes, belligerence, and unsteady gait) was actually the result of his being knocked unconscious, not of intoxication. We find his argument unpersuasive.

While there is no direct evidence that Seeley arrived at the Shell station in a state of intoxication, the fact finder is "entitled to draw reasonable inferences from facts established by the evidence." *Smith v. State*, 547 N.E.2d 845, 846 (Ind. 1989). The record demonstrates that Seeley voluntarily arrived at the Connersville Shell station around 10:30 p.m. on June 19th. Ford noted Seeley's "glossy" eyes and belligerent behavior, both of which are signs of intoxication. Within minutes of Ford contacting the police, two Officers arrived at the gas station. Both Officers had had prior experiences with Seeley in an intoxicated state, and both observed signs of intoxication on the night of June 19th: strong odor of alcohol, unsteady balance, and slurred speech. Both Officers noted that Seeley's behavior was consistent with the previous occasions on which they had observed him in an intoxicated state, and both concluded that he was highly

6

intoxicated. Furthermore, after Seeley had been taken to the hospital, Lieutenant Wilcox continued to observe him behaving in a manner that suggested intoxication: "Seeley continued to be belligerent, loud and screaming, yelling, calling everybody names . . . he wanted [us] to let him go so that he could go back to the gas station where he voiced comments that he was going to cause harm to . . . Ford." (Tr. p. 26).

Because the Officers arrived within minutes of Ford's call and observed Seeley in a state of intoxication, the trial court, as finder of fact, could reasonably infer that if Seeley was intoxicated when the Officers arrived, he had likely been in a state of intoxication a few minutes earlier when he had first entered the Shell station. Therefore, we affirm the trial court's conviction of Seeley.

CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence to sustain Seeley's conviction.

Affirmed.

ROBB, C. J. and KIRSCH, J. concur